# PARKER HANSKI LLC

40 Worth Street, Suite 602
New York, New York 10013
Phone:   212.248.7400
Fax:      212.248.5600

April 5, 2024

_Via ECF_
The Honorable Dale E. Ho
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:    _Amy Meisner v. 607 10th Ave Properties LLC and Tor Restaurant LLC_
       _Docket No. 1:23-cv-00506 (DEH)_

Dear Judge Ho:

       We represent plaintiff Amy Meisner in the above-entitled action and write to inform the Court that the Proposed Requests to Charge are being filed on behalf of plaintiff only.

       Defendants insisted on filing Proposed Requests to Charge and Voir Dire Questions in the manner that they described in their letter of today (ECF No. 48) even though that did not conform to Section 5.d of Your Honor's Individual Rules and Practices.  Plaintiff attempted to work cooperatively with defendants in preparation of both documents.  This evening, plaintiff provided defendants with a revised draft of the Requests to Charge that conformed with their method described in their letter.  However, defendants informed plaintiff that:

       For the avoidance of doubt you don't have my permission to file the jury instructions.  They are messy and I haven't had adequate time to review.  So that's not being rush filed tonight.

Accordingly, the Proposed Requests to Charge are being filed on behalf of plaintiff only.

       Thank you for your time and attention to this matter. With kindest regards, I am

                              very truly yours,

                              _____/s/_____
                              Robert G. Hanski, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMY MEISNER,

                    Plaintiff,

        -against-

607 10TH AVE PROPERTIES LLC AND TOR
RESTAURANT LLC,

                    Defendants.
------------------------------------------------------------x

**Docket No. 1:23-CV-00506
(DEH) (GWG)**

**PROPOSED REQUESTS TO
CHARGE**

# PROPOSED
# REQUESTS TO CHARGE

Pursuant to the Individual Practices of Dale E. Ho, United States District Judge, the parties respectfully submit the following proposed requests to charge. Plaintiff and defendants reserve the right to modify, amend, or supplement the following proposed jury instructions to address any claims or defenses raised by plaintiff or defendants before or during trial, any rulings that the Court may issue before or during trial, or the evidence actually introduced at trial.

**Proposed Jury Instruction No. 1.  Nature of Plaintiff's Claims**

In this case, the plaintiff, Amy Meisner, claims that defendants have violated the laws against disability discrimination for owning and operating a restaurant that is not wheelchair accessible.  The business is called Meme Mediterranean and is located at 607 Tenth Avenue in Manhattan.  Amy Meisner utilizes a wheelchair for mobility and the specific laws she claims were violated are: Title III of the Americans with Disabilities Act, the New York State Executive Law, New York State Civil Rights Law, and the New York City Human Rights Law. Defendants deny violating the law and make affirmative defenses.  Later in the case, I will give you more specific instructions regarding the elements of each of the claims and defenses.

**Proposed Jury Instruction No. 2.  Introduction**

Ladies and gentlemen of the jury, we are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff.  In this action, the plaintiff is Amy Meisner or "plaintiff." The parties being sued are called the defendants. In this action, the defendants are 607 10th Ave Properties LLC and Tor Restaurant LLC.  Although the defendants in this action are actually two separate corporate entities, the lawyers will likely refer to them as a single entity, "defendants," and it is fine if that is how you think of them as well.

Over the course of this trial, you will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court." When I say, "admitted into evidence" or "received into evidence," I have ruled that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence

the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the

lawyer's client because the lawyer has made objections. When I "sustain" an objection, I am

excluding that evidence from this trial for a good reason. When you hear that I have "overruled"

an objection, I am permitting that evidence to be admitted. If I sustain or uphold an objection to a

question that goes unanswered by the witness, you should not draw any inferences or

conclusions from the question. You should not infer or conclude from any ruling or other

comment I may make that I have any opinions on the merits of the case favoring one side or the

other. I do not favor one side or the other.

During the course of the trial I may ask a question of a witness. If I do, that does not

indicate that I have any opinion about the facts in the case.

The lawyers are not allowed to speak with you during this case. When you see the

lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude

or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing

about questions of law or procedure. Sometimes, you may be excused from the courtroom during

these discussions. I will try to limit these interruptions as much as possible, but I ask that you

keep in mind the importance of the matter you are here to determine and ask that you will be

patient even though the case may seem to go slowly.

**SOURCE:** 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions ("Fed. Jury Prac. &
Instr."), § 101:01, 30, 31, 49 (6th ed.); 4 Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, Modern
Federal Jury Instructions-Civil ("Modern Fed. Jury Instr.-Civil"); Model Civ. Jury Instr. 3rd Cir.
1.1-1.12 (2011) (adapted).

**Proposed Jury Instruction No. 3.  Order of Trial**

The first step in the trial will be the opening statements. In her opening statement, plaintiff's counsel will tell you about the evidence that she intends to put before you, so that you will have a preview of what her case is going to be. It is important that you remember that the opening statement is not evidence. Its purpose is only to help you understand what the evidence will be and what plaintiff will try to prove.

After plaintiff's opening statement, counsel for defendants will make an opening statement. Similarly, it is important for you to keep in mind that this opening statement is not evidence. At this point in the trial, neither side has offered any evidence.

After both sides have made their opening statements, plaintiff Amy Meisner will call the first witness or otherwise offer evidence that will support plaintiff's claims against the defendants. Defendants' counsel will have an opportunity to cross examine plaintiff's witnesses. After plaintiff has had a chance to show you evidence, defendants may present evidence on their behalf.   Plaintiff's counsel will then have an opportunity to cross examine defendants' witnesses.

After you have heard all the evidence on both sides, counsel for plaintiff and counsel for defendants will each be given time for their closing arguments. I just told you that the opening statements are not evidence. The same applies to the closing arguments, which are not evidence either. In their closing arguments, the lawyers for plaintiff and defendants will attempt to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decision. Your deliberations will be secret. You will never have to explain

your verdict to anyone.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:02-03 (6th ed.) (adapted).

**Proposed Jury Instruction No. 4.  Province of Judge and Jury**

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial.  After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. By your verdict, you will decide disputed issues of fact.

I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply. In other words, as Judge, I will decide which rules of law apply to this case. I will make those decisions in response to questions raised by the parties as we go along and also in the final instructions given to you after the evidence and arguments are completed. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

As the jury, you will decide whether plaintiff has proved, by a preponderance of the evidence, that defendants violated the law. You must base that decision only on the evidence in the case and my instructions about the law.

I am permitted to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.); *see also Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991) ("[A] federal district judge who conducts a jury trial has the duty to see that the facts are clearly presented . . .. In order to do so, the judge  is permitted to summarize the evidence for the jury and, if he chooses, to comment on it.  In addition, a judge may also interpose relevant questions to witnesses to clarify both legal and

factual issues and thus minimize possible confusion in the jurors' minds.").

**Proposed Jury Instruction No. 5.  Jury Conduct**

Ladies and gentlemen, to ensure fairness to the parties in this action, you must obey the following rules:  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until after you have reached your verdict. If someone should try to talk to you about the case before then, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  Do not do any research, such as checking dictionaries or searching the Internet, or make any investigation about the case, the parties, the witnesses, or the attorneys on your own.

Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.  If you need to tell me something, simply give a signed note to the [marshal] [clerk] to give to me.  To reiterate, during the course of the trial you will

receive all the evidence you properly may consider to decide the case. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or companies involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I expect you will inform me if you become aware of another juror's violation of these instructions.  The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:11-13 (6th ed.) (adapted).

**Proposed Jury Instruction No. 6.  Role of The Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nothing I may have said during the trial or what I may say in these instructions is evidence pertaining to any fact. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not either of the parties has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are to expressly understand that the court has no opinion as to the verdict you should render in this case.

**SOURCE:** 3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10 (6th ed.); 71 Modern Fed. Jury Instr.-Civil 71.01, 71-1, 71-2.

**Proposed Jury Instruction No. 7.  Note Taking**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

If you decide to take notes, a word of caution is in order. You must not allow your note-taking to distract you from the proceedings.  Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 71.02, 71-16; *see also United States v. Bertolotti*, 529 F.2d 149, 159 (2d Cir. 1975) ("It has been long established in this Circuit that it is within the trial court's discretion to allow the jury to take notes and use them in the course of their deliberations.").

**Proposed Jury Instruction No. 8.  Evidence in This Case**

The evidence in the case consists of the following:  the sworn testimony of the witnesses, no matter who called the witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed, admitted by the parties or stipulated to between the parties, and that you must take as true for purposes of this case.

Where I have declared that I have taken judicial notice of some fact or event, you must accept that fact as true. A stipulation is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. An admission is a concession by a particular party that a certain fact is true. When a party concedes or admits the existence of a fact, you must, unless otherwise instructed, accept the admission as evidence, and regard that fact as proved.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. Furthermore, if a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.

Any evidence as to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors, are the sole judges of the facts and are not bound by my comments or opinions. Some evidence is admitted for a limited purpose only. When I instruct you that an item of

evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.) (adapted).

**Proposed Jury Instruction No. 9.  What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers; questions and objections of the lawyers; testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.).

**Proposed Jury Instruction No. 10.  Burden of Proof**

This is a civil case. As I mentioned earlier, the plaintiff here is suing the defendants for violating the laws that prohibit disability discrimination. Plaintiff has the burden to prove every essential element of each of the claims by a preponderance of the evidence.

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. One way to think about this is as follows: if you were to put all of the evidence in favor of plaintiff, and all of the evidence in favor of defendants on opposite sides of a scale, plaintiff would have to make the scale tip somewhat to her side, however slightly. If, in your view, the scale tips in plaintiff's favor, however slightly, then plaintiff has met the burden, and your verdict must be for plaintiff. If plaintiff fails to meet this burden, your verdict must be for defendants.

If plaintiff fails to establish any essential element of the claim by a preponderance of the evidence, you should find for defendants as to that claim. I will explain these elements to you in detail. Please note that the preponderance of the evidence standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Additionally, some of you may have heard of proof beyond a reasonable doubt, which is a proper standard in a criminal trial. This is a civil trial, not a criminal trial. Because this is a civil case, the reasonable doubt standard does not apply to this case, and you should put it out of your mind.

Please keep in mind that, when assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses, or how much time one party or another spent on that claim during the trial. Your focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:41, 104:01 (6th ed.) (adapted); Modern Fed. Jury Instr.-Civil 73.01, 73-1, 73-2; *see also* Model Civ. Jury Instr. 9th Cir. 1.3 (2007); Model Civ. Jury Instr. 3rd Cir. 1.10 (2011).

**Proposed Jury Instruction No. 11.  Affirmative Defenses**

Defendants have asserted affirmative defenses as to certain elements of the claim asserted by plaintiff. I will go into the specifics of such affirmative defenses after you have had a chance to hear the evidence, but it is important that you understand generally what an affirmative defense is. Defendants have the burden of proof of establishing any affirmative defense they may assert by a preponderance of the evidence.

**SOURCE:**  3B Fed. Jury Prac. & Instr. § 162:310 (6th ed.).

**Proposed Jury Instruction No. 12.  Credibility of Witnesses**

As the trial proceeds, the parties in this action will present you with the evidence they will use to make their cases. They will ask you to draw very different conclusions about various factual issues in the case.

In deciding the facts, you will have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

In this process, ladies and gentlemen, you are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  It is your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies?  You will watch each witness testify. Everything a witness says or does on the witness stand counts in your determination.  How did the witness impress you?  Did he/she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his/her demeanor -- that is, his/her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he/she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of

importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.  You should consider the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, the reasonableness and probability of his/her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of

any witness, in whole or in part.

To repeat, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:43; 105:01 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 76.01, 76-1 -- 76-4; *see also Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952) ("[Jury] should [] take into consideration the whole nexus of sense impressions which they get from a witness.").

**Proposed Jury Instruction No. 13.  Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions; ordinarily, witnesses are permitted to testify only as to facts. There is an exception to this rule, however, for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses are permitted to state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions.

During this trial, I will permit certain expert witnesses to express their opinions about certain matters that will be at issue in this case. Such expert witnesses are permitted to testify to an opinion only on those matters about which they have special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

In weighing the opinion testimony offered by expert witnesses in this trial, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. As I mentioned, you may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept

expert testimony merely because I allowed the witness to testify concerning his or her opinion, or because the witness may be referred to as an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 104:40 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 76.01, 76-9, 76-10; *see also United States v. Simon*, 425 F.2d 796, 806 (2d Cir. 1969) (upholding jury charge stating that "[t]he weight and credibility to be extended by you . . . must depend, among other things, on how authoritative you find the precedents and the teachings relied upon by the parties to be, the extent to which they contemplate, deal with, and apply to the type of circumstances found by you to have existed here, and the weight you give to expert opinion evidence offered by the parties.  Those may depend on the credibility extended by you to expert witnesses, the definiteness with which they testified, the reasons given for their opinions, and all the other facts affecting credibility").

**Proposed Jury Instruction No. 14.  Duty of Impartiality**

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All litigants are equal before the law, and companies, big or small, are entitled to the same fair consideration as you would give any other individual party.

All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 71.01, 71-4, 72.01, 72-1; 3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10, 103:12 (6th ed.).

**Proposed Jury Instruction No. 15.  Juror's Electronic Communications**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as cell phones, iPhones, Blackberries, the Internet, e-mail, text messaging, Twitter, any blog or website, including Facebook, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 103:04 (6th ed.).

**Proposed Jury Instruction No. 16.  Stipulations of Fact**

As I just mentioned, when the lawyers on both sides stipulate or agree to the existence of

a fact, you must accept the stipulation as evidence, and regard that fact as proved. Here, plaintiff

and defendants have stipulated to the following facts, all of which you must take as true:

(1) Plaintiff is a wheelchair user.

(2) Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

(3) Defendants are licensed to do and do business in New York State.

(4) Defendant 607 10th Ave Properties LLC owns the building located at 607 Tenth Avenue in New York County, New York.

(5) Defendant Tor Restaurant LLC operates and/ or leases a restaurant at 607 Tenth Avenue in New York County, New York.

(6) Defendant Tor Restaurant LLC has a written lease agreement with defendant 607 10th Ave Properties LLC

(7) The premises at issue was altered in calendar years 2015 and 2016.


**SOURCE:**  4-74 Modern Federal Jury Instructions-Civil P 74.02 (stipulations of fact); 3 Fed. Jury Prac. & Instr. § 102:11 (6th ed.) (same); *Zuchowicz v. United States*, 140 F.3d 381, 392 (2d Cir. 1998) ("[O]nce a fact has been agreed to by both parties and, as a result of such agreement has been submitted to the trial court as a proposed finding of fact, it need not be proved at  trial.").

**PROPOSED CONCLUDING INSTRUCTIONS**

**Proposed Jury Instruction No. 17.  Duty of The Court**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law as explained in these instructions.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts, and you should not interpret these instructions to suggest that I have an opinion about the facts of this case. You, not I, have the duty to determine the facts.

Before I begin instructing you as to the law, I would like to note that it has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law. Please pay close attention, and I will be as clear as possible.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10 (6th ed.); 71 Modern Fed. Jury Instr.-Civil 71.01, 71-1, 71-2; *Franks v. United States Lines Co.*, 324 F.2d 126, 127 (2d Cir. 1963) ("A [jury] charge must be interpreted as a whole . . . not in individual parts.").

**Proposed Jury Instruction No. 18.  Burden of Proof**

As I told you before the start of the trial, this is a civil case. The plaintiff here, plaintiff Amy Meisner, bears the burden of proving every essential element of each of her claims by a preponderance of the evidence.  When a party has the burden to prove a matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. One way to think about this is as follows: if you were to put all of the evidence in favor of plaintiff, and all of the evidence in favor of defendants on opposite sides of a scale, plaintiff would have to make the scale tip somewhat to her side, however slightly. If, in your view, the scale tips in plaintiff's favor, however slightly, she has met her burden, and your verdict must be for plaintiff. If plaintiff fails to meet this burden, your verdict must be for defendants.

If plaintiff fails to establish any essential element of her claim by a preponderance of the evidence, you should find for defendants. I will explain these elements to you in detail later in these instructions.  Please note that the preponderance of the evidence standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Additionally, some of you may have heard of proof beyond a reasonable doubt, which is a proper standard in a criminal trial. This is a civil trial, not a criminal trial. Because this is a civil

case, the reasonable doubt standard does not apply to this case, and you should put it out of your mind.

Please keep in mind that, when assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses, or how much time one party or another spent on that claim during the trial. Your focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:41, 104:01 (6th ed.) (adapted); 4 Modern Fed. Jury Instr.-Civil 73.01, 73-1, 73-2 (2014); *see also Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) ("To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true."); Model Civ. Jury Instr. 9th Cir. 1.3 (2007); Model Civ. Jury Instr. 3rd Cir. 1.10 (2011).

**Proposed Jury Instruction No. 19.  Direct and Circumstantial Evidence**

As I mentioned to you before the start of the trial, there are two types of evidence presented during a trial -- direct evidence and circumstantial evidence. "Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. In other words, direct evidence is when a witness testifies about something he knows by virtue of her own senses -- something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

"Circumstantial evidence" is proof of one or more facts from which you could find another fact. In other words, it is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. Circumstantial evidence tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law generally makes no distinction between the weight or value to be given to either

direct or circumstantial evidence, and you should consider both kinds of evidence. You are to

decide how much weight to give any evidence you have been presented at trial. A greater degree

of certainty is not required of circumstantial evidence. In other words, circumstantial evidence is

of no less value than direct evidence. You are required to find the facts in accordance with the

preponderance of all the evidence in the case, both direct and circumstantial.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:42; 104:05 (6th ed.); 4 Modern Fed. Jury Instr.-
Civil 74.01 (2014); *see also Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960)
("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and
persuasive than direct evidence.").

**Proposed Jury Instruction No. 20.  Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason, and common sense lead you to draw from facts established by the evidence in the case.

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 75.01.

75-1; *see also Schulz v. Pennsylvania R. Co.*, 350 U.S. 523, 526 (1956) ("The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable.  Fact finding does not require mathematical certainty.  Jurors are supposed to reach their conclusions on the basis of common sense, common understanding and fair beliefs, grounded on evidence consisting of direct statements by witnesses or proof of circumstances from which inferences can fairly be drawn."); *Wilkins v. American Export Isbrandtsen Lines, Inc.*, 446 F.2d 480, 484 (2d Cir. 1971) ("Of course, in some situations proof of one fact provides a basis for inferring another.").

**Proposed Jury Instruction No. 21.  Expert Witnesses**

As I mentioned at the outset of the trial, the rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions; ordinarily, witnesses are permitted to testify only as to facts. There is an exception to this rule, however, for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses are permitted to state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions. During this trial, you have heard certain expert witnesses express their opinions about certain issues in this case.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

In weighing the opinion testimony offered by expert witnesses in this trial, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. As I mentioned, you may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his or her opinion, or because the witness may be referred to as an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 104:40 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 76.01; *see also United States v. Simon*, 425 F.2d 796, 806 (2d Cir. 1969) (upholding jury charge; "[t]he weight and credibility to be extended by you . . . must depend, among other things, on how authoritative you find the precedents and the teachings relied upon by the parties to be, the extent to which they contemplate, deal with, and apply to the type of circumstances found by you to have existed here, and the weight you give to expert opinion evidence offered by the parties. Those may depend on the credibility extended by you to expert witnesses, the definiteness with which they testified, the reasons given for their opinions, and all the other facts affecting credibility.").

**Proposed Jury Instruction No. 22.  Credibility of Witnesses**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true, and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor--that is, his or her behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

As I mentioned before the trial began, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. In other words, consider any relation each witness may have with either side of the case, the manner in which each witness might be

affected by the verdict.

You should consider the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case, the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, his/her intelligence, and the reasonableness and probability of his/her testimony. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. Always remember that you should use your common sense, your good judgment and your own life experience.  After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

Please keep in mind that the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 76.01, 76-1.

**Proposed Jury Instruction No. 23.  Prior Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. Evidence of a prior inconsistent statement or conduct is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement is before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with her trial testimony, you may consider that fact in deciding how much of her trial testimony, if any, to believe.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.); 4 Modern Fed Jury Instr.-Civil 76.01, 76-5; *see also Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000) ("To the extent that there is a conflict in a witness's testimony, such a conflict affects the weight of the testimony, not its admissibility.  The weighing of the evidence is a matter for the trier of fact.") (internal citations omitted).

**Proposed Jury Instruction No. 24.   *Respondeat Superior***

Defendants are companies. A company may act only through natural persons such as its employees and, in general, an employee of a company may bind the company by the employee's actions and statements while acting within the scope of the employee's authority or within the scope of the employee's duties as an employee of the company.

Under the legal doctrine of *respondeat superior*, a company is liable for the acts and omissions  committed by its employees or agents acting within the scope of their authority, even where the  company itself has committed no primary violation.

**SOURCE:**  O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* Fed., 3C Jury Prac. & Instr. § 171.27 (Respondeat Superior) (5th ed. 2001); *Crigger v. Fahnestock & Co.*, No. 01 Civ. 07819, 2003 WL 22170607, at *12-14  (S.D.N.Y. Sept. 18, 2003) (as to *Respondeat superior*).

**Proposed Jury Instruction No. 25.  Interested Witness - Employee of Party**

The fact that certain witnesses were and still are employed by the defendants and the testimony you have heard of these witnesses' relationships with their employer may be considered by you in deciding whether the testimony of one or more of these witnesses is in any way influenced by the employment relationship with the defendants.

**SOURCE:** *Adams v. Supermarkets General Corp.,* 138 A.D.2d 253, 525 N.Y.S.2d 208 (1st Dept.1988) (It is error to refuse to give the suggested charge if the witness is an employee of a party at the time of trial); *Dobro v. Sloan*, 48 A.D.2d 243, 368 N.Y.S.2d 621 (4th Dept. 1975) (accord); *Christensen v. Pittston Stevedoring Corp.*, 283 A.D. 1088, 131 N.Y.S.2d 546 (2nd Dept. 1954) (where the employer will benefit as a result of the verdict, the jury may find that the employee witness is in fact interested); *Majestic v. Louisville & N. R. Co.*, 147 F.2d 621 (6th Cir. 1945) (accord).

## CLAIMS & DAMAGES

Now that I have given you general instructions on the law, I will turn to the specific instructions concerning the allegations made in this case.

**Proposed Jury Instruction No. 26.  Nature of The Claim**

Plaintiff Amy Meisner claims that defendants commit disability discrimination because they lease, operate, own, and maintain a public accommodation that violates the ADA.

Defendants deny violating the law.  Defendants also assert several affirmative defenses to this claim.  I will give you more specific instructions regarding the elements of each of plaintiff's claims and defendants' affirmative defenses.

**Proposed Jury Instruction No. 27.  Purpose of Disability Discrimination Laws**

Before I instruct you on the elements of the claims alleged, it will be useful for you to understand the purposes of these laws.

The purpose of the federal civil rights statute, the Americans with Disabilities Act also known as the ADA, is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent and enforceable standards addressing discrimination against individuals with disabilities. When enacting the ADA, Congress found that society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. Congress has found that discrimination against persons with disabilities persists in the critical area of access to public accommodations. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural barriers, failure to make modifications to existing facilities and practices, segregation, and relegation to lesser services, programs, activities, benefits and other opportunities. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, and independent living.

The purpose of the New York State Human Rights Law is to protect the public welfare, health and peace of the State of New York, to assure that every individual within the state of New York is afforded an equal opportunity to enjoy a full and productive life, and to eliminate and prevent discrimination.

The purpose of the New York City Human Rights Law is to eliminate and prevent discrimination and to ensure that every individual within the City of New York is afforded an

equal opportunity to enjoy a full and productive life. The New York City Human Rights Law is intended to provide the greatest possible protection for civil rights.

**Plaintiff's Objection**: Plaintiff objects to defendants' proposed language below because i) defendants' proposed language inserts a different legal concept "burden of proof" into an instruction about the "statutory purpose" of the referenced laws; ii) duplicative of Instruction No. 10 "Burden of Proof"; and iii) it misstates the applicable law as defendants' intent and efforts to comply with the disability discrimination law are irrelevant as to whether defendants' violate the law, and to the purposes of the law.

Regardless of the purpose of these laws, it is the responsibility of the plaintiff to demonstrate specific instances where the defendants failed to meet these standards, considering both the intent and effort of the defendants to comply with the law.

**SOURCE:**  42 U.S.C. § 12101(b) (reciting purpose of statue); N.Y. Exec. Law § 290(3) (reciting purpose of statute); N.Y. Admin. Code, § 8-101 (stating purpose of statute); *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 74, 872 N.Y.S.2d 27 (1st Dept. 2009).

**Proposed Jury Instruction No. 28.  Title III of the ADA**

The Federal statute in this action is Title III of the ADA, which provides people with

disabilities with the right to equal access to a place of public accommodation.  This statute

provides in relevant part that:

> "No individual shall be discriminated against on the basis of disability in the full
> and equal enjoyment of the goods, services, facilities, privileges, advantages, or
> accommodations of any place of public accommodation by any person who owns,
> leases (or leases to), or operates a place of public accommodation."

**SOURCE:**    42 U.S.C. § 12182 (a); 28 C.F.R. §36.201(a).

**Proposed Jury Instruction No. 29.  Elements of an ADA Claim**

To prevail on a Title III ADA claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1)     Plaintiff is an individual with a disability;

(2)     Defendants own, lease, or operate a place of public accommodation; and

(3)     Defendants discriminated against Plaintiff on the basis of her disability.

**Plaintiff's Objection**: Plaintiff objects to defendants' proposed language below because it incorrectly modifies the three elements of a Title III ADA claim. This instruction informs  the jury of the overall elements of a Title III ADA claim. Defendants' proposed language inserta concepts concerning architectural barriers and one of the types of discriminatory acts prohibited by the ADA, discrimination due to a failure to remove readily achievable barriers in violation of 42 U.S.C. § 12182(b)(2)(A)(iv), as an element of Plaintiff's overall Title III Claims. However, Plaintiff alleges that Defendants engaged in other discriminatory acts in violation of the ADA in addition discrimination in violation of 42 U.S.C. § 12182(b)(2)(A)(iv). Instructions No. 34 – 36 cover discrimination in violation of 42 U.S.C. § 12182(b)(2)(A)(iv)

(4) The existing facility at the defendant's place of public accommodation presents an architectural barrier prohibited under the ADA; and

The removal of the barrier is readily achievable.

**SOURCE:** 42 U.S.C. § 12182(a); *Roberts v. Royal Atl. Corp.,* 542 F.3d 363, 368 (2d Cir. 2008); 42 U.S.C. § 12182(b)(2)(A)(iv)-(v); 28 C.F.R. §§ 36.304, 36.401, 36.402.

**Proposed Jury Instruction No. 30.   Definition of Disability under the ADA**

The first element of a claim under the ADA is that the plaintiff has a disability. A "disability" is defined as a mental or physical impairment that substantially limits the individual in at least one of the major activities of life.

Relevant to the plaintiff's condition, "Major life activities" include, but are not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, and bending. The definition of "disability" shall be construed in favor of broad coverage of individuals under the ADA. There is no dispute among the parties that plaintiff suffers from a disability that restricts mobility and requires the use of a wheelchair.   There is also no dispute among the parties that plaintiff is an individual with a "disability" under the ADA.  The parties have stipulated to this element.

**SOURCE:**     42 U.S.C. §12102(1); 42 U.S.C. §12102(2); 42 U.S.C. §12102(4)(a).

**Proposed Jury Instruction No. 31.  Definition of Place of Public Accommodation under the ADA**

      The second element of a claim under the ADA is that the defendants own, lease, lease to or operate a place of public accommodation.  A restaurant is considered a public accommodation for purposes of the ADA.  Under the ADA, both the property owner/lessor and lessee are liable, and neither can escape liability by transferring their obligations to the other by contract (*i.e.* lease agreement).  There is no dispute that defendant Tor Restaurant LLC doing business as Meme Mediterranean restaurant constitutes "a place of public accommodation" under the ADA.  The parties have stipulated to this element.

**SOURCE:** 42 U.S.C. §12181(7)(B); and 28 C.F.R. §36.201(b); and *Botosan v. Paul McNally Realty,* 216 F.3d 827, 833 (9th Cir. 2000).

**Proposed Jury Instruction No. 32.  Discrimination under the ADA – New Construction**

The third element of a claim under the ADA is that the defendant discriminated against the plaintiff because of her disability.

<u>New Construction</u>

It is discrimination under the ADA to design and construct a facility after January 26, 1993 that is not readily accessible to and usable by individuals with disabilities. The requirement of "readily accessible and usable" means that a public accommodation must comply fully the ADA's Standards for Accessible Design.

**SOURCE:**    42 U.S.C. §12183(a)(1); H.R. Rep. 101-485, pt. 3, at 63 (1990) (the legislative history makes clear that "[t]he ADA is geared to the future -- the goal being that, over time, access [for the disabled] will be the rule rather than the exception.  Thus, the bill only requires modest expenditures to provide access in existing facilities, while requiring all new construction to be accessible."); and 28 C.F.R. § 36.406(a); s*ee also Disabled in Action of Metropolitan New York v. Trump International Hotel and Tower*, 2003 WL 1751785, at * 5 (S.D.N.Y. April 2, 2003) (newly constructed buildings "must comply with the ADA Standards"); *Pascuiti v. N.Y. Yankees*, 87 F. Supp.2d 221, 226 (S.D.N.Y. 1999) (new construction must comply with the ADA Standards); and *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F. 3d 1165, 1171 (9th Cir. 2010) (new construction and alterations must comply with ADA Standards); and C*hapman v. Pier One Imports (U.S.), Inc.* 631 F. 3d 939, 945 (9th Cir. 2011).

**Proposed Jury Instruction No. 33.  Discrimination under the ADA – Alteration**

The third element of a claim under the ADA is that the defendant discriminated against the plaintiff because of her disability.

**<u>Alteration Standard</u>**

Under the ADA's alteration standard, discrimination occurs when alterations are made after January 26, 1992 and the altered portions are not readily accessible to and usable by individuals with disabilities to the maximum extent feasible. The requirement of "readily accessible and usable" means that a public accommodation must comply fully the ADA's Standards for Accessible Design.

The "altered portion" must be made accessible regardless of the cost.

**SOURCE:** 42 U.S.C. § 12183(a)(2); *Roberts v. Royal Atl. Corp.,* 542 F.3d 363, 369 (2nd Cir. 2008) 542 F.3d at 369 ("maximum extent feasible" requires that accessibility alterations be made regardless of cost); 28 C.F.R. § 36.402(b); and *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F. 3d 1165, 1171 (9th Cir. 2010) (new construction and alterations must comply with ADA Standards).

**Proposed Jury Instruction No. 34.  Discrimination under the ADA – Readily Achievable**

The third element of a claim under the ADA is that the defendant discriminated against the plaintiff because of her disability.

Readily Achievable Standard

Under the ADA's readily achievable standard, disability discrimination includes a failure to remove architectural barriers in existing facilities where such removal is readily achievable. The obligation to engage in readily achievable barrier removal is a continuing one.

**SOURCE**: 42 U.S.C.A. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304(a).

**Proposed Jury Instruction No. 35.  Readily Achievable Standard**

Readily achievable means that barrier removal is easily accomplishable and able to be carried out without much difficulty or expense.  In determining whether barrier removal is readily achievable, factors to be considered include:

(1)    the nature and cost of the barrier removal;

(2)    the overall financial resources of the defendants; the number of persons employed by the defendants; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the defendants;

(3)    the overall financial resources of the defendants; the overall size of the defendants with respect to the number of its employees; the number, type, and location of its facilities; and

(4)    the type of operation of the defendants, including the composition, structure,  and functions of the workforce of the defendants; the geographic separateness, administrative or fiscal relationship of the defendants to the covered entity.


**Plaintiff's Objection**: Plaintiff objects to defendants' proposed language below because defendants' proposed language i) inserts a different legal concept "burden of proof" into an instruction about whether barrier removal is readily achievable standard; ii) is duplicative of Instruction No. 10 "Burden of Proof" and iii) it misstates the applicable law as Plaintiff's burden is not as articulated by Defendants.

In a readily achievable barrier removal claim, Plaintiff has the initial burden "to articulate a plausible proposal for barrier removal, "the costs of which, facially, do not clearly exceed its benefits." Roberts v. Royal Atl. Corp., 542 F.3d 363, 373 (2d Cir. 2008) (quoting Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 138 (2d Cir. 1995)).

Neither the estimates nor the proposal are required to be exact or detailed, for the defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed the benefits. Because the concept of "readily achievable" is a broad one, either party may include in its analysis, as costs or benefits, both monetary and non-monetary considerations.

*Id.*

Ultimately, the plaintiff bears the burden of proving by a preponderance of the evidence that the suggested method of barrier removal is readily achievable. The plaintiff must provide evidence addressing these factors to meet the burden of showing that the proposed barrier removal is readily achievable. If the plaintiff meets this burden, the defendant has the opportunity to rebut the plaintiff's showing.  If the plaintiff fails to provide such evidence, you must conclude that the

proposed barrier removal is not readily achievable.

**SOURCE**: 42 U.S.C. § 12181(9); 28 C.F.R. § 36.104; 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304

**Proposed Jury Instruction No. 36.  If Barrier Removal Is Not Readily Achievable**

If you find that barrier removal is not readily achievable, you must determine whether or not defendants could have used alternative methods that are readily achievable to make their goods, services, facilities, or accommodations available. Examples of alternative methods to barrier removal include, but are not limited to, the following actions—providing curb service or home delivery, retrieving merchandise from inaccessible shelves or racks, and relocating activities to accessible locations.

**SOURCE**:  42 U.S.C. § 12182(b)(2)(A)(v); 28 CFR § 36.305(b)

**Proposed Jury Instruction No. 37.   The ADA Standards for Accessible Design**

The ADA's Standards for Accessible Design are the legally enforceable technical standards that places of public accommodation are required to comply with. The ADA's Standards for Accessible Design are also known as the ADA Standards.

**SOURCE:**   42 U.S.C. §12183(a)(1); 42 U.S.C. §12204(b) (requiring issuance of guidelines "to ensure that buildings [and] facilities * * * are accessible * * * to individuals with disabilities"); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir.2011) ("Because the ADAAG [ADA Standards] establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating the ADAAG [ADA Standards]  relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA, thereby violating the ADA." (emphasis added); and 28 C.F.R. § 36.406(a); s*ee also Disabled in Action of Metropolitan New York v. Trump International Hotel and Tower*, 2003 WL 1751785, at * 5 (S.D.N.Y. April 2, 2003) (newly constructed buildings "must comply with the ADA Standards"); *Pascuiti v. N.Y. Yankees*, 87 F. Supp.2d 221, 226 (S.D.N.Y. 1999) (new construction must comply with the ADA Standards); and *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F. 3d 1165, 1171 (9th Cir. 2010) (new construction and alterations must comply with ADA Standards); and C*hapman v. Pier One Imports (U.S.), Inc.* 631 F. 3d 939, 945 (9th Cir. 2011).

**Proposed Jury Instruction No. 38.   Violation of the ADA Standards**

It is discrimination for defendants to violate any of the ADA Standards.  A violation of the ADA Standards impairs a disabled person's right to full and equal access even if he or she overcomes the violation.

If you find that the Meme Mediterranean Restaurant violates any of the ADA Standards, then you must find that defendants violate the ADA.

**Plaintiff's Objection**: Plaintiff objects to defendants' proposed language below because defendants' proposed language i) inserts a different legal concept "burden of proof" into an instruction about whether the place of public accommodation complies with the ADA Standards; ii) is duplicative of Instruction No. 10 "Burden of Proof" and iii) it misstates the applicable law by using the phrase "each and every element necessary to prove a violation of any of the ADA Standards". The decision as to whether an architectural feature violates the applicable ADA Standard is binary, the architectural feature either meets the requirements of the Standard or it does not, there are no elements at play.

If you find that that Plaintiff met her burden of proof on each and every element necessary to prove a violation of any of the ADA Standards, then you must find that defendants violate the ADA.

**SOURCE:** *Camarillo v. Carrols*, 518 F.3d 153, 156 (2nd Cir. 2008) ("Put simply, [plaintiff] cannot experience "full and equal enjoyment" of defendants' services if she is unable to access the list of the services available to her" and a plaintiff suffers an injury under Title III even if he or she can ultimately utilize the services provided); and *see also Celeste v. E. Meadow Union Free Sch. Dist.*, 373 Fed. 6 App'x. 85, 88 (2nd Cir. 2010) (finding that a mobility-impaired student was denied meaningful access because architectural barriers forced him to take a detour in order to participate as the manager of his school's football team); *Doran v. 7–Eleven Inc.*, 524 F.3d 1034, 1041 n. 4 (9th Cir.2008) (discussing that the ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access.").

**Proposed Jury Instruction No. 39.   Definition of Alteration**

The definition of an alteration is a change to a building or facility made by, on behalf of, or for the use of a public entity that affects or could affect the usability of the building or facility or part thereof. An alteration is a change that affects or could affect the usability of a facility, or any part thereof. And usability is read broadly and expansively to include any change that affects the usability of the facility, and not simply changes that relate directly to access by individuals with disabilities.

Examples of Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement of the structural parts or elements, and changes or rearrangement in the plan or configuration of walls and full-height partitions.

Normal maintenance, reproofing, painting or wallpapering, or changes to mechanical or electrical systems are not alterations unless they affect the usability of the building or facility.

**SOURCE:** 42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402(b)(1); *Roberts v. Royal Atlantic*, 542 F.3d 363, 369 (2nd Cir. 2008).  *Rosa v. 600 Broadway Partners, LLC*, 175 F.Supp.3d 191, 206-208 (S.D.N.Y. 2016) (the Court found that the defendants' interior and exterior construction work performed to create a retail store "falls squarely within the ADAAG's definition of alteration, which includes 'changes or rearrangement in structural parts or elements.")

**Proposed Jury Instruction No. 40.   Alterations-(General)**

Alterations to existing buildings and facilities must comply with the following:

(1)     No alteration shall be undertaken which decreases or has the effect of decreasing accessibility or usability of a building or facility below the requirements for new construction at the time of alteration.

(2)     If existing elements, spaces, or common areas are altered, then each such altered element, space, feature, or area shall comply with the applicable provisions of the ADAAG requirements for new construction. If the applicable provision for new construction requires that an element, space, or common area be on an accessible route, the altered element, space, or common area is not required to be on an accessible route except as provided in § 4.1.6(2) of the 1991 ADA Standards for Accessible Design (Alterations to an Area Containing a Primary Function) or § 202.4 of the 2010 ADA Standards for Accessible Design (Alterations Affecting Primary Function Areas)

(3)     If alterations of single elements, when considered together, amount to an alteration of a room or space in a building or facility, the entire space shall be made accessible.

(4)     No alteration of an existing element, space, or area of a building or facility shall impose a requirement for greater accessibility than that which would be required for new construction. For example, if the elevators and stairs in a building are being altered and the elevators are, in turn, being made accessible, then no accessibility modifications are required to the stairs connecting levels connected by the elevator. If stair modifications to correct unsafe conditions are required by other codes, the modifications shall be done in compliance with these guidelines unless technically infeasible.

**SOURCE:** § 4.1.6 of the 1991 ADA Standards for Accessible Design; §§ 202.3.1, 202.3, 202.4 and 202.3.2 of the 2010 ADA Standards for Accessible Design

**Proposed Jury Instruction No. 41.   Maintenance of Accessible Features**

Public accommodations are required to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. However, isolated or temporary interruptions in service or access due to maintenance or repairs are not prohibited.

If you find that the defendants routinely failed to maintain access features in working condition, then you must find that Defendants violated the ADA.

**SOURCE:** 28 C.F.R. §36.211

**Proposed Jury Instruction No. 42.  Evidence of Intent is Not Required**

Whether the defendants intended to violate of any of the ADA Standards is not a factor in

your decision as to whether the defendants committed discrimination under the ADA

**SOURCE:**  *Krist v. Kolombos Rest. Inc.,* 688 F. 3d 89, 95-96 (2nd Cir. 2012) (intent to
discriminate is not an element of a claim under Title III of the Americans with Disabilities Act)

**Proposed Jury Instruction No. 43.  Violation of the ADA is automatically a violation of the New York State and New York City anti-discrimination laws**

If you find that the plaintiff has proved by a preponderance of the evidence that the

defendants committed discrimination under the ADA, then you must also find that the plaintiff

proved by a preponderance of the evidence that the defendants have violated the New York State

Human Rights Law, New York State Civil Rights Law, and the New York City Human Rights

Law.

**SOURCE:** *Phillips v. City of New York,* 66 A.D.3d 170, 176, 884 N.Y.S.2d 369 (1st Dept. 2009) (a violation of the ADA is automatically deemed to be a violation of the New York State and New York City disability antidiscrimination laws because "the State HRL provides protections broader than the ADA; and the City HRL is broader still"); *see also Kreisler v. Second Avenue Diner*, 2012 WL 3961304, at *14, affirmed by 731 F.3d 184 (2nd Cir. 2013). *Gordon v. PL Long Beach*, 74 A.D.3d 880, 903 N.Y.S.2d 461 (2nd Dept. 2010) (violation of New York State Human Rights Law is also a violation of the New York State Civil Rights Law); and *Doe v. Deer Mountain Camp*, 682 F.Supp.2d 324, 350 (S.D.NY. 2010); *United States v. Asare*, No. 15CIV3556, 2017 WL 6547900, at *7 (S.D.N.Y. Dec. 20, 2017) (holding that "any violation of the ADA is automatically a violation of the [City]HRL"; *Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 278(2d Cir.2009) (recognizing that the City HRL provides stronger protections than the ADA, and noting that the pursuant to the City HRL "[i]nterpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of New York City Human Rights Law, viewing similarly worded provisions of federal and state civil rights laws as a *floor* below which the City's Human Rights law cannot fall." *Id.* (quoting Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (2005)).

**Proposed Jury Instruction No. 44.  New York State Human Rights Law**

The New York State Human Rights Law imposes far greater obligations to remediate than what is required under the ADA.  Even if there is no ADA violation, there may be a violation under the New York State Human Rights Law.  The New York State Human Rights Law is to be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof.

**SOURCE:**  *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 68 (S.D.N.Y. 2020) (noting that the New York State Human Rights Law was amended in 2019 to be construed liberally like the New York City Human Rights Law).

**Proposed Jury Instruction No. 45.  New York City Human Rights Law**

The New York City Human Rights Law imposes far greater obligations to remediate than what is required under the ADA.  Even if there is no ADA violation, there may be a violation under the New York City Human Rights Law.  The New York City Human Rights Law is to be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof.


**SOURCE:** See 42 U.S.C. §12201(b); *See Loeffler v. Staten Island Univ. Hosp*., 582 F.3d 268, 278 (2d Cir. 2009) (confirming legislative intent to abolish "parallelism" between the NYCHRL and the ADA); and *Phillips v. City of New York*, 66 A.D.3d 170, 884 N.Y.S.2d 369, 378 (1st Dept. 2009) ("And unlike the ADA, there are no accommodations that may be 'unreasonable' if they do not cause undue hardship.").

**Proposed Jury Instruction No. 46.  Discrimination under the New York City Human Rights Law**

The New York City Human Rights Law requires a public accommodation to remediate inaccessible conditions, regardless of whether the building was newly constructed or altered, unless it proves that doing so would be an undue hardship. Undue hardship can be demonstrated if the defendant proves that remediation is architecturally infeasible.  A public accommodation defendant always has the burden of proving undue hardship and this burden of proof never shifts to the plaintiff to rebut.

**SOURCE:** Administrative Code of the City of New York § 8-102(18) ("undue hardship" is an affirmative defense) *See Jacobsen v. New York City Health and Hospitals Corp.,* 22 N.Y.3d 824, 835 (2014). *see also de la Rosa v. 597 Broadway Dev. Corp.*, 2015 WL 7351540, at * 20 (S.D.N.Y. Aug. 4, 2015), report and recommendation adopted in part,   S2015 WL 7308661 (S.D.N.Y. Nov. 19, 2015) (denying summary judgment to creating accessibility via a platform lift because "defendants have not shown beyond triable dispute that such a proposal is architecturally infeasible.").  the NYCHRL requires public accommodations to "make the main entrance to a building accessible unless doing so creates an undue hardship, or is architecturally infeasible."  *In re Matter of John Rose v. Co-op City of New York d/b/a Riverbay Corp. and Vernon Cooper,* 2010 WL 8625897, at *2 (N.Y.C. Comm. Hum. Rts. Nov. 18, 2010), aff'd sub nom. *Riverbay Corp. v. New York City Commn. on Human Rights*, 2011 N.Y. Misc. Lexis 7105 (Sup.Ct.Bx. Cty., Sept. 9, 2011).

**Proposed Jury Instruction No.  47.   Notification is not required**

You may not consider whether plaintiff told the defendants that defendants were violating

the law when determining their liability or plaintiff's damages.


**SOURCE**: 42 U.S.C. §§ 12188(a)(1), 2000a-3(a); *Association of Disabled v. Neptune Design*, 469 F.3d 1357, 1360 (11th Cir. 2006) ("A person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, and the district court may not dismiss the suit for lack of pre-suit notice.").

**Proposed Jury Instruction No. 48.   Damages Generally**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendants' violation of the law. If you find that plaintiff has proven her claim, then you must consider the amount of damages to be awarded to plaintiff.  Keep in mind however, that damages are not recoverable for a violation of the ADA, but only for a violation of the New York State Human Rights Law, New York State Civil Rights Law and New York City Human Rights Law.

In awarding damages, if you decide plaintiff has proven her claim, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  The law does not require that a plaintiff prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Any uncertainty or doubt that you encounter when computing damages should be resolved in favor of plaintiff, because the law requires that where a wrongdoer's conduct has made a precise proof of damages difficult, the wrongdoer must bear the risk of uncertainty created by its conduct.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you find in favor of plaintiff on her claims against defendants, then you must consider and decide the amount of money damages to be awarded to plaintiff. Plaintiff has the burden of proving damages by a preponderance of the evidence.

**SOURCE:**  3B Fed. Jury Prac. & Instr. § 162:320 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 82.03; 4 Modern Fed. Jury Instr.-Civil 77.01, 77-3; *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1475 (2d Cir. 1996) ("[A]ny risk of uncertainty in calculating [damages] should fall on the wrongdoer whose illegal conduct created that uncertainty.") (internal quotation marks and brackets omitted); *Elkind v. Liggett & Myers, Inc.*, 472 F. Supp. 123, 132 (S.D.N.Y. 1978)

("Since [defendant's] wrongdoing has made difficult a more precise proof of damages, it must bear the risk of uncertainty created by its conduct."), *aff'd in part*, *rev'd in part*, 635 F.2d 156 (2d Cir. 1980); Administrative Code of City of New York § 8-502(a);  New York State Executive Law § 297(9);  *Aurecchione v New York State Div. of Human Rights*, 98 N.Y.2d 21, 744 N.Y.S.2d 349, 771 N.E.2d 231 (2002) (the remedial nature of the statute evinces a legislative intent to compensate fully victims of employment discrimination);  *Charnoff v. Bladwin Realty*, 8 Misc.3d 1023(A), 2005 WL 1875739 (N.Y.Sup. 2005) (monetary damages allowed for ADA violations under Executive Law).

**Proposed Jury Instruction No. 49.  Damages under the New York State Human Rights Law and the New York City Human Rights Law**

The natural and unavoidable consequences of discrimination may be personal embarrassment, humiliation, and indignity. If you find that defendant discriminated against plaintiff, you should award such damages as will compensate the plaintiff for any emotional distress that she has proved by a preponderance of the evidence.

**SOURCE:** "Victims of discrimination suffer serious injuries for which they ought to receive full compensation." *Nelson v HSBC Bank USA*, 87 A.D.3d 995, 997, 929 N.Y.S.2d 259, 262 (2d Dept. 2011) quoting the Committee on General Welfare, Report on Prop. In. No. 22–A [Aug. 17, 2005] p 2, 5).

**Proposed Jury Instruction No. 50.  No Need to Seek Treatment for Injuries**

      The Plaintiff does not need to seek mental health treatment as a result of Defendants'

conduct in order to award damages to plaintiff.


**SOURCE:** *191-121 East 97th Street v. NYC Commission*, 220 A.D.2d 79, 85, 642 N.Y.S.2d 638 (1st Dept. 1996) (No requirement for mental health treatment to get damages); *Lutheran Soc. Services of Upper New York, Inc. v State Div. of Human Rights*, 74 N.Y.2d 824, 546 N.Y.S.2d 337, 545 N.E.2d 627 (1989) (Compensatory damages are not limited to out-of-pocket losses but can include compensation for humiliation and mental anguish).

**Proposed Jury Instruction No. 51.  Guidance for Award Compensatory Damages**

You may award compensatory damages for any and all emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by defendants' discrimination. No evidence of the monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for determining the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence produced at trial.

**SOURCE:** *Katt v. City of New York*, 151 F. Supp. 2d 313, 369 (S.D.N.Y. 2001) (calculation of damages is the province of the jury) (citing *Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1996)).

**Proposed Jury Instruction No. 52.  Punitive Damages under the New York City Human Rights Law**

In addition to compensatory damages, plaintiff seeks an award of punitive damages from the defendants based on their violation of the New York City Human Rights Law.

Punitive damages may be awarded for the purpose of punishing a defendant for that defendants' wrongful conduct and to deter others from engaging in similar wrongful conduct. Punitive damages are intended to protect the community, and to be an expected expression of the jury's indignation at a defendants' misconduct. You must determine whether to award punitive damages against each defendant separately. You may find a defendant liable for punitive damages even if you award no actual damages or only a small amount of actual damages.

Under the New York City Human Rights Law, a plaintiff is entitled to punitive damages where the defendant's actions amount to willful or wanton negligence or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

**Plaintiff's Objection**: Plaintiff objects to defendants' proposed language below because defendants' proposed language misstates the applicable law.  Plaintiff's proposed instruction on punitive damages above provides the standard for punitive damages under the City HRL as articulated by the New York Court of Appeals in Chauca v. Abraham, 30 N.Y.3d 325, 329 (2017).

Punitive damages are intended to address gross misbehavior beyond mere negligence, warranting only in cases of exceptional misconduct.

**SOURCE**: *Chauca v. Abraham*, 30 N.Y.3d 325 (2017); *see also Cush-Crawford v. Adchem*

*Corp.*, 271 F.3d 352 (2d Cir. 2001); *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 374 (2d Cir. 1988); *Goonewardena v. N.Y. State Workers' Comp. Bd.*, No. 09 Civ. 8244, 2016 WL 7439414, at *10 (S.D.N.Y. Feb. 9, 2016), *adopted by* 2016 WL 7441695 (S.D.N.Y. Dec. 22, 2016) (Abrams, J.); Thoreson v. Penthouse Int'l, 80 N.Y.2d 490, 497 (1992); Sharapata v. Town of Islip, 56 N.Y.2d 332, 335 (1982).

**Proposed Jury Instruction No. 53.  Amount of Punitive Damages under the New York City Human Rights Law**

In determining the amount of punitive damages to award plaintiff, you must keep in mind that punitive damages are not intended to, and may not be used to, compensate plaintiff for injuries, but rather to punish a defendant and to deter similar conduct in the future. Accordingly, in fixing a sum to be awarded, you should consider the degree to which a defendant should be punished for their wrongful conduct and the degree to which an award of one sum or another will deter that defendant, or entities like them, from committing wrongful acts in the future.

In arriving at your decision as to the amount of punitive damages, you should consider a defendant's net worth and the impact of paying that award.  In calculating a punitive damages award, you should consider:

(1)    the nature and reprehensibility of the defendant's conduct, including the character of the wrongdoing and the defendant's awareness of what harm the conduct caused or was likely to cause;

(2)    the amount of time the defendant engaged in reprehensible conduct; and

(3)    the defendant's financial condition and the impact your punitive damages award will have on the defendant.

Where punitive damages are claimed, all the circumstances connected with the conduct at issue tending to exhibit or explain the motive of the defendant may be considered by you.  The plaintiff may show that there was express malice, and, on the other hand, the defendant is entitled to the benefit of any circumstances tending to show that they acted under an honest belief that the conduct complained of was justified.

**SOURCE:** See Charge given in *MacMillan v. Millennium Broadway Hotel*, No. 09 Civ. 6053 (PGG); *Lumey v. Blot*, et al., No. 04 Civ. 2438 (LAK); *see also Geressy v. Digital Equip. Corp.*, 950 F. Supp. 519, 523 (E.D.N.Y. 1997) ("The New York Court of Appeals recently explained the legal principle behind New York punitive damage awards:  'We have consistently adhered to the view that the purpose of punitive damages is solely to punish the offender and to deter similar conduct on the part of others.  Punitive damages are not intended to compensate or

reimburse the plaintiff." ') (quoting *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc*., 84 N.Y.2d 309, 316 (1994) (citation omitted)); *TVT Records v. Island Def Jam Music Grp*., 257 F. Supp. 2d 737, 745 (S.D.N.Y. 2003) ("It is well-settled . . . that evidence of a defendant's net worth is properly considered given the goals of punishment and deterrence served by punitive damages.") (citations omitted); *Caravantes v. 53rd St. Partners, LLC*, 2012 WL 3631276, at *25 (S.D.N.Y. Aug. 23, 2012) ("An award should be limited to the amount reasonably necessary to achieve the end [of punishing a defendant and deterring him and others from similar conduct in the future], and should not be so high as to result in the financial ruin of the defendant."); *Kauffman v. Maxim Healthcare Servs., Inc*., 509 F. Supp. 2d 210, 217 (E.D.N.Y. 2007) ("Punitive damages must bear a 'reasonable relationship' to the compensatory damages awarded .") (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580 (1996); and *Levine v. Abergel*, 127 A.D.2d 822, 824-25 (2d Dept. 1987).

**PROPOSED CONCLUDING INSTRUCTIONS**

I will now provide you with general instructions concerning how you should go about arriving at your verdict.  Your verdict is essentially your decision regarding the facts in this case, and more specifically, whether or not they demonstrate by a preponderance of the evidence that defendants have broken the law.

**Proposed Jury Instruction No. 54.  Right to See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony -- in fact any communication with the Court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 78.01, 78-1.

**Proposed Jury Instruction No. 55.   Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:08 (6th ed.).

**Proposed Jury Instruction No. 56.   Duty to Deliberate**

Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

In order to prevail, plaintiff must sustain her burden of proof by a preponderance of the evidence with respect to each element of her claim. If you find that plaintiff has succeeded in doing so, you should return a verdict in her favor on that claim. If you find that plaintiff failed to sustain her burden on any element of her claim, you should return a verdict against plaintiff. Similarly, if you find that defendants have failed to sustain its burden with respect to any element of its affirmative defenses, you must return a verdict against defendants on that affirmative defense.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:01 (6th ed.).

**Proposed Jury Instruction No. 57.   Election of Foreperson**

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court. Verdict forms have been prepared for your convenience.

*[Read forms of verdict]*.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree.  You will then return with your verdict to the courtroom.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:04 (6th ed.).

**Proposed Jury Instruction No. 58.   Verdict Forms -- Jury's Responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.).

**Proposed Jury Instruction No. 59.  Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in Court.  Once your verdict is announced by your foreperson in open Court and officially recorded, it cannot ordinarily be revoked.

**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 78.01, 78-6.