UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY MEISNER,<br><br>                              Plaintiff,<br><br>          v.<br><br>607 10TH AVENUE PROPERTIES LLC, et al.,<br><br>                              Defendants. | 23 Civ. 506 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

In this case, Plaintiff, who uses a motorized wheelchair, sues Defendants, the owner of a building located in Manhattan (the "Premises") and the operator of a restaurant in the Premises' retail space. Plaintiff brings claims under the Americans with Disabilities Act (the "ADA") and New York state and New York City law, alleging that the Premises contains architectural barriers to access for wheelchair users.

A jury trial in this action is scheduled to begin on May 20, 2024. *See* ECF No. 42. On April 5, 2024, the parties filed pretrial submissions, including a joint pretrial order (the "JPTO"). *See* ECF No. 50. In the JPTO, Defendants preview that, at trial, they will argue that they have removed all readily achievable barriers to access, that any further modifications are not readily achievable, and that, in the event they are found liable, any penalty assessed against them should be minimal. *See id.* at 4-5. Defendants list two witnesses: Yakov Cohen, "[who] is expected to testify regarding [the lessor's] operations and good faith efforts to comply with the ADA," and Jacob Kaner, "[who] is expected to testify regarding training provided to . . . defendant concerning accessibility and/or compliance with the laws regarding accessibility." *Id.* at 7.

On April 9, 2024, Plaintiff filed a letter seeking leave to file a motion *in limine* to exclude testimony from defense witnesses that were not disclosed in discovery, as required under Rule

26.[1]  *See* ECF No. 52.  An order issued April 11, 2024, granted Plaintiff's request.  *See* ECF No. 53.  On April 19, 2024, Plaintiff filed the motion, seeking an order excluding any testimony from Mr. Kaner.  *See* ECF No. 55.

Rule 26(a) requires parties to disclose the identity of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(a) also requires parties to disclose "the identity of any witness it may use at trial to present evidence [as an expert]" along with "a written report . . . prepared and signed by the witness" containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(A)-(B).  Rule 26(e) requires parties to supplement these disclosures if they learn the disclosures are incomplete or incorrect.  *See* Fed. R. Civ. P. 26(e)(1)(A).  Under Rule 37, "I[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

In Defendants' responses to Plaintiff's interrogatories, dated September 11, 2023, Mr. Kaner is listed as a person "that has provided training to defendant concerning accessibility and/or compliance with the laws regarding accessibility," an "architect[], engineer[] and/or interior designer[] that ha[s] performed work or submitted a proposal for work to be done on the Premises since 1992," and an "architect or engineer that defendant has communicated with regarding accessibility or the allegations made in the Complaint."  *See* Interrog. Resp. Nos. 4, 5, 7, 19, ECF No. 58-3.  This was adequate to disclose Mr. Kaner as a potential fact witness.  *See*

---

[1] All references to Rules are to the Federal Rules of Civil Procedure unless otherwise noted.  In all quotations from cases, ellipses, brackets, internal quotation marks, citations, and footnotes are omitted unless otherwise indicated.

*New York v. United Parcel Serv., Inc.*, No. 15 Civ. 1136, 2016 WL 10672104, at *4 (S.D.N.Y. Sept. 8, 2016) (finding that, for purposes of avoiding preclusion under Rule 37, a witness must be disclosed in "Rule 26 disclosures or otherwise—such as through interrogatory responses"). However, the record contains no indication that Mr. Kaner was disclosed as a potential expert or that he provided an expert report, and Defendants state that Mr. Kaner will not be testifying as an expert witness. *See* Mem. of L. in Opp'n to Pl.'s Mot. in Lim. 4 n.1, ECF No. 58.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge within the scope of [Federal Rule of Evidence] 702." Fed. R. Evid. 701(c); *see also* Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise [if certain criteria are satisfied]."). "If the opinion rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702." *United States v. Cabrera*, 13 F.4th 140, 149 (2d Cir. 2021). "The purpose of this . . . requirement is to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying . . . the pre-trial disclosure requirements set forth in . . . [Rule] 26." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005). "[L]ay opinion testimony is limited to opinions that result from a process of reasoning familiar in everyday life." *Cabrera*, 13 F.4th at 149.

Defendants' submissions make clear that they intend to elicit expert testimony from Mr. Kaner. In a memorandum of law filed in connection with the pretrial materials, Defendants state that "[t]he architect will testify that the restaurant is now fully compliant with all applicable accessibility laws and that any further modifications would be structurally infeasible given the building's age and layout." Defs.' Pretrial Mem. 4-5, ECF No. 49; *see also id.* at 6 ("The

defendants' architect will testify that the restaurant fully complies with all applicable accessibility requirements to the extent possible. The architect will further testify that any additional modifications proposed by the Plaintiff would be structurally infeasible given the building's age and layout."). Courts in this District have held that testimony assessing compliance with the ADA is expert in nature. *See, e.g.*, *Disabled in Action v. City of New York*, 360 F. Supp. 3d 240, 245 (S.D.N.Y. 2019) ("Whether the architectural features of Defendants' stationhouses comply with the relevant ADA accessibility standards is . . . one not entirely resolvable by lay persons."); *De La Rosa v. 650 Sixth Ave Trevi LLC*, No. 13 Civ. 7997, 2019 WL 6245408, at *3 (S.D.N.Y. Nov. 22. 2019) ("Whether at least some of the architectural features of [the premises] comply with relevant ADA accessibility standards may not be entirely resolvable by lay persons without expert help."). Whether further modifications would be prohibitively expensive or structurally infeasible given the building's age and layout also calls for opinion testimony requiring specialized knowledge. *See, e.g.*, *Brown v. McKinley Mall, LLC*, No. 15 Civ. 1044, 2018 WL 2289823, at *6 (W.D.N.Y. May 17, 2018) (noting that a proposed expert was "not an engineer, architect, or contractor licensed in the State of New York and is therefore not necessarily qualified to opine on the cost of removing barriers" from the premises at issue).

In the JPTO, Defendants state that Mr. Kaner will testify "regarding training provided to . . . defendant concerning accessibility and/or compliance with the laws regarding accessibility." JPTO at 7. To the extent that this testimony includes Mr. Kaner's opinion on the Premises' compliance with accessibility laws or his understanding of the ADA, it is impermissible expert testimony.

However, there is one circumscribed issue about which Mr. Kaner may testify as a fact witness. Plaintiff seeks punitive damages under the New York City Human Rights Law (the "NYCHRL"), *see* Pl.'s Opp'n to Defs.' Pretrial Mem. 9, ECF No. 54, while Defendants argue that they acted in good faith in response to Plaintiff's concerns by "promptly consult[ing] an architect," Defs.' Pretrial Mem. 8. Accordingly, Mr. Kaner may testify to the fact that he was retained by Defendants in response to Plaintiff's allegations and any other information relevant to Defendants' good faith that he personally observed as a fact witness. *See Garcia*, 413 F.3d at 211 ("[L]ay opinion [is] an acceptable shorthand for the rendition of facts that the witness personally perceived."). To be clear, the question of Defendants' good or bad faith is relevant only to the amount of any penalty under the NYCHRL, rather than any question of liability on any of Plaintiff's claims. *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 96 (2d Cir. 2012) (affirming that intent is not a required element for a claim under Title III of the ADA but can be relevant to a claim for punitive damages under the NYCHRL). Defendants may not adduce testimony from Mr. Kaner for the purpose of contesting liability under the ADA or on any other claim. Such impermissible testimony would include any description of Mr. Kaner's opinions or the contents of the advice he gave to Defendants with respect to the Premises' compliance with applicable law or the costs or feasibility of modifications. Defendants also may not elicit testimony from Mr. Cohen regarding the contents of Mr. Kaner's advice, as such testimony would be impermissible hearsay.

For the reasons given, it is hereby **ORDERED** that Plaintiff's motion to exclude the testimony of Mr. Kaner is **GRANTED IN PART**. Mr. Kaner may not offer expert testimony, including testimony regarding the Premises' compliance with ADA standards or the cost and the structural feasibility of further modifications. Mr. Kaner may offer testimony as a fact witness

on the narrow issue of Defendants' good faith, though only to the extent that he has personal knowledge of their contrition and good faith efforts to remediate any barriers to access. He may not testify as to the contents of any advice he gave them regarding the Premises' substantive compliance with relevant law or his opinions about the same.

      The Clerk of Court is respectfully directed to close the motion at ECF No. 55.

      SO ORDERED.

Dated: May 3, 2024
      New York, New York

                                                         DALE E. HO
                                        United States District Judge