UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMY MEISNER,

                Plaintiff,

v.

607 10TH AVENUE PROPERTIES LLC, et al.,

                Defendants.

23 Civ. 506 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

    A jury trial in this action is scheduled to begin on May 20, 2024.  *See* ECF No. 42. On April 5, 2024, the parties filed pretrial submissions, including a joint pretrial order (the "JPTO"). *See* ECF No. 50.  In the JPTO, Defendants note their objection to Plaintiff's proposed Exhibit 14 ("PX-14"), a publicly available document showing the assessed value for purposes of property taxes of the building at issue in this litigation.  *See id.* at 10.  Defendants objected, citing Federal Rules of Evidence 402 and 403, which allow a District Court to exclude evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice." *See id.*  The JPTO includes no other objection to PX-14.

    A final pre-trial conference was held on May 7, 2024.  In addition to Rule 403, counsel for Defendants also objected to PX-14 on grounds that the exhibit was not adequately disclosed in discovery.  At the conference, the Court overruled that the objection to PX-14 under Rule 403 and reserved decision on the objection due to non-disclosure.

    It is hereby **ORDERED** that Defendants' remaining objection to PX-14 is **OVERRULED.**  As a threshold matter, Defendants waived their right to object on grounds of non-disclosure by failing to include this argument in the JPTO.

Even if the argument was not waived, PX-14 was adequately disclosed. As discussed at the conference, the record indicates that Defendants never propounded requests for the production of documents, and Plaintiff's counsel represented that Plaintiff identified "publicly available documents" in her disclosures under Federal Rule of Civil Procedure 26. Rule 26 does not require production of documents, instead permitting "a description by category" of documents that a party "may use to support its claims." Fed. R. Civ. P. 26(a)(1)(A)(ii). As represented on the record before the Court, Plaintiff has satisfied that burden.

In addition, Plaintiff was not required to produce Defendants' own Notice of Property Value, because it is publicly available and Defendants have equal or better access to it than Plaintiff. "[I]t is well-established that discovery need not be required of documents of public record which are equally accessible to all parties." *Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc.*, 426 F. Supp. 2d 68, 90 (W.D.N.Y. 2005) (cleaned up); *accord Bey v. City of New York*, No. 99 Civ. 3873, 2010 WL 3910231, at *4 (S.D.N.Y. Sept. 21, 2010) (quoting *Krause*, 426 F. Supp. 2d at 90); *see also Baum v. Vill. of Chittenango*, 218 F.R.D. 36, 40-41 (N.D.N.Y. 2003) (denying motion to compel production of an administrative record, because "compelling discovery from another is unnecessary when the documents sought are equally accessible to all"); *SEC v. Strauss*, 09 Civ. 4150, 2009 WL 3459204, at *11 (S.D.N.Y. Oct. 28, 2009) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source.").

SO ORDERED.

Dated: May 8, 2024
      New York, New York

                                     DALE E. HO
                              United States District Judge